IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: 2265 Enterprise East LLC., | ) | Case No. 19-52510 |
| | ) | |
| Debtor in Possession. | ) | Chapter 11 |
| | ) | |
| | ) | Judge Alan M. Koschik |

_____

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (1) AUTHORIZING THE RETENTION OF KIKO COMPANY PURSUANT TO THE TERMS OF A REAL ESTATE AUCTION SALES LISTING CONTRACT, AND (2) APPROVING THE SALE OF THE DEBTOR'S REAL ESTATE COMMONLY KNOWN AS 2265 EAST ENTERPRISE PARKWAY, TWINSBURG, OHIO, FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, WITH LIENS, CLAIMS AND ENCUMBRANCES TO ATTACH TO THE PROCEEDS OF SALE TO THE SAME EXTENT, PRIORITY AND VALIDITY AS TO THE REAL ESTATE, PURSUANT TO BANKRUPTCY CODE SECTION 363, AND (3) GRANTING RELATED RELIEF IN CONNECTION WITH THE SALE**
_____

NOW COMES the Debtor, 2265 Enterprise East LLC (the "Debtor") by and through its proposed counsel, and hereby moves this Court for the entry of an Order authorizing the Debtor to Engage Kiko Company to conduct an auction sale of the Debtor's real estate pursuant to Bankruptcy Code Section 363.. In support of its Motion, the Debtor respectfully sets forth the following:

**Jurisdiction, Venue, and Procedural Posture**

1. This case was commenced on October 19, 2019, when the Debtor filed a Voluntary Petition for Relief under Chapter 11 of the U.S. Bankruptcy Code.

2. This Court has jurisdiction over this matter under and pursuant to 28 U.S.C.§§ 157 and 1334.

3. Venue is proper in this Court under 28 U.S.C. §§1408 and 1409. This is a core proceeding under 28 U.S.C.§157(b)(2).

4. The Debtor is the subject of a foreclosure and receivership case pending in the Court of Common Pleas of Summit County, Ohio, styled *Keystone Real Estate Lending Fund L.P. vs. 2265 Enterprise East LLC et al.,* which is filed at Case No. CV 2018 11 4911 (the "Foreclosure Case.").

**Background**

5. The Debtor is an Ohio limited liability company that owns an office building in Twinsburg, Ohio commonly known as 2265 East Enterprise Parkway.

6. Until November of 2018, the building was occupied by a single commercial tenant, and generated gross rental income of $180,336 per year.

7. On November 30, 2018, the Debtor's secured lender, Keystone Real Estate Lending Fund L.P., ("Keystone") filed the Foreclosure case and obtained the appointment of a Receiver, Zachary B. Burkons.

8. The Foreclosure Case has been a disaster for the Debtor, and also for Keystone. At the time of the foreclosure, the commercial tenant's lease was about to expire, and the Debtor's managing member, James Breen had just finished negotiating a new lease with that tenant. However, the Receiver intervened in the negotiations with an unusually heavy-handed approach, and the tenant declined to execute the new lease and moved out of the building.

9. During the pendency of 2019, the Receiver has not been able to re-tenant the property, and it has remained vacant and generates no income. The Receiver has not paid the real estate taxes, and has not maintained the building in a condition attractive to prospective tenants.

10. The Receiver has recently engaged a real estate agent to attempt to sell the property, but those efforts have not borne fruit. Appraisal obtained by the Debtor prior to the institution of the receivership and afterwards reveal a very steep decline in the value of the

property, which is not surprising, because commercial real estate properties rely heavily on the income stream generated by rents for their value.

## The Proposed Sale

11.     Herein, the Debtor seeks authority to employ Kiko Company, and very well-regarded Northeast Ohio auction firm, to advertise the Property for sale, locate solid commercial buyers, and conduct an auction sale. The Debtor, after conferring with George Kiko and other real estate sales professionals, has determined that the optimal date for a sale is January 22, 2020, and seeks authority to conduct the sale at the Debtor's building at 1:00 p.m. on that date.  Copies of the proposed Real Estate Auction Listing Agreement with Kiko Company, and the Affidavit and Verified Statement of George Kiko, are attached hereto, respectively, as Exhibits "A" and "B" and are incorporated herein by reference.

12.     The auction sale format has been selected in this instance because the absence of a long-term tenant has depressed the value of the real estate, making it potentially difficult to demand top dollar from a traditional sale conducted by a broker with a single buyer. The Debtor believes that the auction format will result in the potential recovery of some of the lost value through the competitive bid process.

13.     Based on discussions with Mr. Kiko and other real estate professionals who the Debtor's managing member has employed to buy and sell commercial real estate, the Debtor believes that a stalking horse bidder may be obtained by the time this motion is heard, but the Debtor does not have such a bidder yet. Regardless of whether the auction moves forward with or without a stalking horse, the Debtor believes that the auction process, with all bids subject to bankruptcy court approval, affords the best chance of maximizing the value of the property for the benefit of all parties in interest.

14. To facilitate an orderly auction sale process, the Debtor requests that the Court approve the following bidding and auction procedures:

### *Selecting QualifiedBidders*

a. Any potential bidder must submit a written notice of intent to bid to the Debtor or to Kiko Company no later than seven days prior to the scheduled auction.

b. The written notice of intent to bid must include financial information demonstrating to the satisfaction of the Debtor that the potential bidder is financially capable of fulfilling its payment obligations if it submits the winning bid.

c. Each written notice of intent to bid must fully identify the bidder and any affiliate who will participate in bidding.

d. The Debtor and its counsel, in conjunction with Kiko Company, and, if a committee is appointed in this case, in conjunction with committee counsel, will evaluate all written notices of intent to bid within two business days of receipt and will determine which bidders are qualified to bid ("Qualified Bidders").

e. Any secured creditor holding an undisputed, liquidated and non- contingent secured claim shall have the right to credit bid such claims to the extent of such secured party's interest in or lien on the assets bid upon. Secured creditors whose claims are disputed, contingent or unliquidated shall not be permitted to credit bid.

f. Provided that at least two qualified bidders are identified, Kiko Company shall conduct an auction sale at the Debtor's property at 2265 East Enterprise Parkway, Twinsburg, Ohio. The auction shall commence at **1:00 p.m. on January 22, 2020.** The auction shall be conducted openly and shall be transcribed by a court reporter.

### *Auction Procedures*

(1) Each Qualified Bidder must appear in person through an authorized representative at the auction. Ne telephone bids will be permitted. Each Qualified Bidder must confirm on the record that any bid it submits will be a binding, good faith, and bona fide offer to purchase the real estate if it is selected as the winning bidder. If a stalking horse bidder materializes prior to the auction, and is eventually outbid, the stalking horse bidder shall be entitled to a break-up fee in the amount of three percent of the stalking horse bidder's initial bid, and the first bid above that bid shall be required to cover the amount of the break-up fee in addition to the bid increment selected by the auctioneer.

4

(2) The Debtor, in consultation with counsel, the auctioneer, and counsel for any committee which may be appointed herein, shall determine which bid is the highest or otherwise best bid, and shall reject any bid the Debtor determines is inadequate or insufficient, not in conformity with these bidding procedures, or not in the best interests of the Debtor or the estate.

(3) The Debtor and its auctioneer shall have the authority to establish such other rules for the auction as are reasonably necessary to ensure a smooth and effective auction process.

(4) Within one business day after the conclusion of the auction, the Winning Bidder, as determined by the Debtor and announced at the conclusion of the auction, shall submit a deposit (the "Good Faith Deposit") in the amount of ten percent of the amount of its Winning Bid. The Good Faith Deposit shall be held in the IOLTA Account of Counsel for the Debtor until the sale is confirmed by the entry of a final sale order by the Court.

(5) Upon entry of a final sale order by the Court, the Winning Bidder shall submit the remaining ninety per cent of the amount of its Winning Bid in certified funds payable to the Debtor.

(6) In the event that a Winning Bidder fails to consummate its proposed transaction upon entry of a final sale order, then the Winning Bidder's Deposit shall be forfeited to the Debtor as liquidated damages, and the Debtor shall be free to consummate the transaction with the next-highest bidder at the price last offered by that bidder, without the need for additional hearing or Order of the Court.

(7) Upon payment of the final ninety per cent portion of the amount of its winning bid by the Winning Bidder, Counsel for the Debtor shall transfer the Good Faith Deposit from his IOLTA Account to the Account of the Debtor.

(8) All bids shall be subject to the approval of the Bankruptcy Court and shall be conditioned upon entry of a final sale order and execution by the Winning Bidder of appropriate Asset Purchase Agreements ("APAs")

(9) The Bankruptcy Court shall conduct a hearing to consider approval of the auction results and entry of a final sale order on **January ____, 2020 at _: ___ m.** Any objections to entry of a final sale order must in writing and filed and served on Counsel for the Debtor no later than January ___, 2020

15. Section 363(f) of the Bankruptcy Code permits a Debtor to sell property of the

estate:

> free and clear of any interest in such property of an entity other than the estate if (1) applicable non-bankruptcy law permits the sale of such property free and clear of such interest, (2) such

> entity consents, (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property, (4) such interest is in bona fide dispute, or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

16. The Debtors believe that the proposed sale meets all of the requirements set forth in Section 363(f). Specifically, the Debtors believe that their primary secured creditor, could be compelled to accept a monetary satisfaction of its interest in the context of a mortgage redemption payment at any time prior to the foreclosure of the equity of redemption, which has not occurred in this case, and that the requirements of Section 363(f) are therefore satisfied.

17. Section 363(m) of the Bankruptcy Code protects a good-faith purchase's interest in property purchased from a debtor in the event that a 363 sale is later reversed or modified on appeal. The proposed purchaser of the assets in this case, like all of the potential bidders at auction, will have engaged in the competitive bidding process engendered by the auction sale. Consequently, the sale envisioned in this motion will be a sale to a good faith purchaser, entitled to the protection of Section 363(m) of the Bankruptcy Code.

18. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property ... is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). Bankruptcy Rule 6006(d) further provides that an "order authorizing the trustee to assign an executory contract or unexpired lease under § 365(f) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6006(d). To preserve the value of the assets and limit the costs of administering and preserving the assets, it is very important that

the Debtors close on the Proposed Sale as soon as possible after all closing conditions have been met or waived. Accordingly, the Debtors request that the Court waive the stay periods under Bankruptcy Rules 6004(g) and 6006(d).

**WHEREFORE,** the Debtors respectfully request that this Court enter an Order granting the motion and such other further relief as the Court finds just and equitable.

    Respectfully submitted,

    /s/ Thomas W. Coffey
    Thomas W. Coffey (0046877)
    Coffey Law LLC
    2430 Tremont Ave.
    Cleveland, OH 44113
    (216) 870-8866
    tcoffey@tcoffeylaw.com

    and

    /s/ Robert D. Barr
    Robert D. Barr (0067121)
    Koehler Fitzgerald LLC
    1111 Superior Avenue East,
    Suite 2500
    Cleveland, OH 44114
    (216) 744-2739
    rbarr@koehler.law

    Proposed Co-Counsel for the Debtor

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2019, a copy of the forgoing Motion was served:

**Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:**

Thomas W. Coffey, Esq., on behalf of 2265 Enterprise East LLC

Robert D. Barr, Esq., on behalf of 2265 Enterprise East LLC

Christina Colleen Tizzano, Esq., on behalf of James P. Breen

Scott R. Belhorn, Esq., on behalf of Daniel M. McDermott, United States Trustee for Region 9

**And via First Class U.S. Mail, postage prepaid, on the following:**

All creditors and parties in interest in this case, as reflected on the attached mailing matrix.

/s/ Robert D. Barr
Robert D. Barr, Attorney

Always Green Landscaping
P.O. Box 758
Twinsburg, OH 44087

Attorney General of the U.S.
Tax Div. Civil Trial, Northern
P.O. Box 55 Ben Franklin Station
Washington, DC 20044

Benjamin D. Carnahan, Esq.
Dinn Hochman & Potter, LLC
5910 Landerbrook Drive, Suite 200
Cleveland, OH 44124

Caito & Associates
2744 Mayfield Road
Cleveland Heights, OH 44121

Collins & Scanlon LLP
3300 Terminal Tower
50 Public Square
Cleveland, OH 44113-2289

Gus Kallergis
Calfee Halter & Griswold
The Calfee Building
1405 East Sixth street
Cleveland, OH 44114

James Breen Real Estate
1360 East Ninth Street
Cleveland, OH 44114

James P. Breen
1360 East Ninth Street, Suite 620
Cleveland, OH 44114

Keystone Real Estate LLC
5000 Executive Parkway, Suite 445
San Ramon, CA 94583

Kristen M. Scalise
Summit County Fiscal Officer
175 S. Main Street, Ste 320
Akron, OH 44308-1353

Office of the U.S. Attorney
Carl B. Stokes U.S. Courthouse
901 W. Superior Avenue #400
Cleveland, OH 44113-1852

Ohio Dept. of Taxation
P.O. Box 182401
Columbus, OH 43218-2401

The Hartford
P.O. Box 660916
Dallas, TX 75266

The Schadick Law Firm, LLC
2000 Auburn Drive, Suite 200
Beachwood, OH 44122

U.S. Internal Revenue Service
P.O.Box 7346
Philadelphia, PA 19101-7346

U.S. Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346